Allen Lichtenstein
Allen Lichtenstein, Attorney at Law, Ltd.
3315 Russell Road, #222
Las Vegas, NV 89120
Telephone: (702) 433-2666
Facsimile: (702) 433-9591
allaw@lvcoxmail.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FLUID LIFESTYLES LEARNING CENTER, LLC, d/b/a THE STUDIOS. | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| JAQUELINE HOLLOWAY, DIRECTOR, CLARK COUNTY, NEVADA, DEPARTMENT OF BUSINESS LICENSE; CLARK COUNTY, NEVADA | |
| Defendants. | |

Comes now Plaintiff Fluid Lifestyles Learning Center, LLC d/b/a the Studios, by and through the undersigned attorney, and complains against each defendant and alleges that as Defendants have violated Plaintiff's Constitutional rights, protected under the due process clause of the Nevada Constitution, the Fifth and Fourteenth Amendments and the right to Freedom of Speech under the First Amendment, as more fully set forth below.

**Jurisdiction and Venue**

1

1. This action arises under the N.R.S.; the Nevada State Constitution; the United States Constitution,  20 U.S.C. § 2000d, et. seq.; and 42 U.S.C. § 1983.  Nevada District Courts have general jurisdiction in civil matters. See, N.R.S. Const. Art. 6.

2. As all activity relevant to this action occurred in Clark County, Nevada, venue is proper in this court.

## PARTIES

3. Plaintiff Fluid Lifestyles,  LLC, is a Nevada Limited Liability Company.

4. Defendant Clark County, Nevada, is a County organized under the Nevada Constitution.  Defendant Jaqueline Holloway is the Director of , Defendant, The Clark County Department of Business License.

## STATEMENT OF FACTS

5. Fluid Lifestyles d/b/a the Studios, was licensed by Clark County in July 2016 (License No. 2000408.061 – 121) as an education institution.

6. It has operated in this capacity as an educational institution since its 20116 opening.

7. Due to the Covid-19 pandemic, the Studios has been closed for the past several months.

8. There is no firm anticipated opening date, due to the virus.

9. Because of the often sexual nature of many of the educational topics explored at the Studios, Defendants have been attempting to shut down the entire business.

10. Thus, Defendants have claimed that the Studios is operating and unlawful sex club, and has been illegally selling alcoholic beverages.

11. Defendants have scheduled a hearing to revoke Plaintiff's business license for July 30, 2020.

12. While Defendants have made allegations, no discovery, in the form of police citations, or even any alleged specific events, specifying time and date of the asserted illegal activity has been provided to Plaintiffs. Without such specific information, Plaintiff is left in a situation where it is unable to present a defense for itself.

13. Pursuant to Clark County Code (CCC) 6.04.100(a), specifically states that the County, at its Show Cause Hearing can withhold all evidence until it presents it to the business in question at the hearing itself. (at or before the hearing, written charges shall be made against said licensee specifying therein the facts which form the basis of the charges.)

14. In the instant case, Defendants have provided Plaintiff with written accusations, but without the specificity of listing alleged time, date and witness information, which would be crucial to allow Plaintiff to fairly defend itself.

15. Plaintiff has a vested property interest in its educational institution. *Bell v. Burson*, 402 U.S. 535, 540 (1971).

16. Taking away such a business license without adequate and fair due process is a constitutional violation. *Id.*

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF UNITED STATES CONSTITUTION:**
**PROCEDURAL DUE PROCESS**
**42 USC § 1983**

17. All allegations set forth in this Complaint are hereby incorporated by reference.

18. To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants were acting under color of state law, and (2) they deprived plaintiffs of rights

3

secured by the Constitution or federal statutes. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

19. The procedural due process guarantees of the Fourteenth Amendment apply when a constitutionally protected liberty or property interest is at stake. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).

20. The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

21. A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

22. Article 1, Section 8( c)(5) of the Nevada Constitution states that: "No person shall be deprived of life, liberty, or property, without due process of law."

23. The language in Article 1, Section 8(5) of the Nevada Constitution mirrors the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. *Hernandez v. Bennett-Haron*, 128 Nev. 580, 587, 287 P.3d 305, 310 (2012); *Rodriguez v. Dist. Ct.*, 120 Nev. 798, 808 n.22, 102 P.3d 41, 48 n.22 (2004).

24. The United States Supreme Court has stated that the liberty guaranteed under the Fourteenth Amendment's Due Process Clause includes the right to engage in any of the common occupations of life. *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923); *Doubles, Ltd. v. Gragson*, 91 Nev. 301, 303, 535 P.2d 677, 679 (1975)(The right to pursue a legitimate occupation is a fundamental right.); *Singleton v. Cecil*, 155 F.3d 983, 989 (8th Cir.

1998)(The right to work at a lawful occupation is part of the "liberty" protected by the Fourteenth Amendment.)

25. Governmental regulatory inaction can constitute a taking. *United Nuclear Corp. v. United States,* 17 Cl. Ct. 768, 774 (Cl. Ct. 1989) *reversed on other grounds by United Nuclear Corp. v. United States*, 912 F.2d 1432 (Fed. Cir. 1990), *citing Urbanizadora Versalles, Inc. v. Rios*, 701 F.2d 993 (1st Cir. 1983); *Hernandez v. Lafayette*, 643 F.2d 1188 (5th Cir. 1981); *Rogin v. Bensalem Township,* 616 F.2d 680 (3d Cir. 1980; *Amen v. Dearborn*, 718 F.2d 789 (6th Cir. 1983).

26. Under Nevada law, a party must exhaust administrative procedures before seeking judicial *relief. First Am. Title Co. v. State*, 91 Nev. 804, 543 P.2d 1344, 1345 (1975); *United States v. Orr Water Ditch Co.*, 914 F.2d 1302, 1309-10 (9th Cir. 1990).

27. The doctrine of exhaustion of remedies does not require one to initiate and participate in proceedings . . . which are vain and futile. );*Engelmann v. Westergard*, 98 Nev. 348, 353, 647 P.2d 385, 389 (Nev. 1982); *United States v. Alpine Land & Reservoir Co.*, 340 F.3d 903, 918 (9th Cir. 2003).

28. By willfully refusing to provide Plaintiffs with a fair process, Defendants violated Defendants' rights to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 ( c)(5) of the Nevada Constitution.

WHEREFORE, plaintiff prays for relief as set forth herein.

**SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF UNITED STATES CONSTITUTION:**
**SUBSTANTIVE DUE PROCESS**
**42 USC § 1983**

29. All allegations set forth in this Complaint are hereby incorporated by reference.

30. Plaintiff was subject to arbitrary, capricious and outrageous conduct on the part of Defendants, through an unfair and biased process causing irreparable harm.

31. In so doing, defendants violated plaintiff's right to substantive due process.

WHEREFORE, plaintiff prays for relief as set forth herein.

### THIRD CLAIM FOR RELIEF
### VIOLATIONS OF UNITED STATES CONSTITUTION AND NEVADA CONSTITUTIONS

**Retaliation for speech protected by the First Amendment to the United States Constitution and Article 1, Section 9 of the Nevada Constitution**

32. All allegations set forth in this Complaint are hereby incorporated by reference.

33. Plaintiff's educational activities constitute expression, which is protected by the First Amendment.

34. Defendants' attempts at permanently closing the Studios is not aimed at merely having the business cease what the County has alleged to be illegal activities, but also the First Amendment protected educational activities performed there.

WHEREFORE, plaintiff also prays for relief as set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, as follows.

A. For a Declaration that Defendants attempt to take away Plaintiff's business license as an educational institution violates the Fifth and Fourteenth Amendments' guarantee of the right to due process.

      B.     For a Declaration that Defendants attempt to take away Plaintiff's business license as an educational institution violates the First Amendment to the United States Constitution.

      C.     For Injunctive Relief designed to remedy the unconstitutional practices alleged herein;

      D.     For an award of attorneys' fees and costs as permitted by law; and

      E.     For other and further relief as the Court may deem just, necessary and appropriate.

Dated this 27th day of July 2020

Respectfully submitted by:

/s/ Allen Lichtenstein  
Allen Lichtenstein, Attorney at Law, Ltd.  
3315 Russell Road, #222  
Las Vegas, NV 89120  
Telephone: (702) 433-2666  
Facsimile: (702) 433-9591  
allaw@lvcoxmail.com  
Attorney for Plaintiff